HOGAN LOVELLS US LLP
Stephen A. Loney, Jr. (N.J. No. 005172006)
stephen.loney@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorney for Defendant*
*Uber Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD SIPERAVAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1332, 1441, 1446, AND 1453** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

  PLEASE TAKE NOTICE THAT Defendant Uber Technologies, Inc. ("Uber"), by its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this action from the Superior Court of New Jersey Law Division, Camden County, to the United States District Court for the District of New Jersey. In support thereof, Uber states as follows:

## I. UBER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

1. On August 3, 2020, Uber was served with a Summons and Complaint in an action filed by Plaintiff Edward Siperavage ("Plaintiff") in the Superior Court of New Jersey Law Division, Camden County, case number CAM-L-002507-20 (the "State Court Action"). Plaintiff asserts claims individually and on behalf of a class of New Jersey drivers. *See* Compl. ¶ 40.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and Summons are attached hereto as Exhibits A and B, respectively. Other than those documents, no pleadings, process, or orders have been served upon Uber in the State Court Action.

3. Prior to filing the State Court Action, on July 21, 2020, Plaintiff filed a complaint in the District of New Jersey, Civil Action 20-cv-9169, styled Siperavage v. Uber Technologies, Inc., 20-cv-09169-NLH-KMW assigned to Judge Noel L. Hillman. *See* Exhibit C ("First Federal Court Complaint"). The First Federal Complaint was based on alleged facts nearly identical to those later alleged in the State Court Action.

4. On July 23, 2020, Plaintiff voluntarily dismissed the First Federal Court Complaint without prejudice. *See* Civil Action 20-cv-9169, Dkt. # 4.

5.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days of service of process in the State Court Action on Uber.

6.   Removal to this Court is proper under 28 U.S.C. § 1441(a) because Camden County, where this action was filed, is within the District of New Jersey. *See* 28 U.S.C. § 110.

7.   By filing this Notice of Removal, Uber does not waive any defense which may be available to it.

8.   Pursuant to 28 U.S.C. § 1446(d), Uber will serve this Notice of Removal on counsel for Plaintiff: James A. Francis, Esq., John Soumilas, Esq., Lauren KW Brennan, Esq., Joseph L. Gentilcore, Esq., FRANCIS MAILMAN SOUMILAS, P.C., 1600 Market Street, Suite 2510, Philadelphia, PA 19103.

9.   Pursuant to 28 U.S.C. § 1446(d), Uber will also file written notice of the filing of this Notice of Removal with the Clerk of the Superior Court of New Jersey Law Division, Camden County, with a copy to counsel for Plaintiff.

## II.  THIS COURT HAS REMOVAL JURISDICTION UNDER 28 U.S.C. § 1332(a)(1).

8.   This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. For purposes of federal jurisdiction, corporations are deemed to be citizens of the States in which they were incorporated and the States in which they have principal places of business. 28 U.S.C. § 1332(c)(1), (d)(10). Uber is incorporated in the State of Delaware and has its principal place of business in San Francisco, California. *See* Compl. ¶ 6.

10. Accordingly, for diversity purposes, Uber is a citizen of the States of Delaware and California, where it is incorporated and where it has its principal place of business, respectively—not New Jersey.

11. According to the Complaint, Plaintiff is a citizen of the State of New Jersey who resides in Cherry Hill, New Jersey. *Id.* ¶ 5.

12. Because Uber, the only defendant identified in the Complaint, is a citizen of the States of Delaware and California, and Plaintiff is a citizen of the State of New Jersey, there is complete diversity in this action.

13. While the Complaint does not specify the amount of Plaintiff's alleged damages, Plaintiff's allegations indicate that the amount in controversy exceeds $75,000.

14. For example, in support of its claim for promissory estoppel, Plaintiff alleges, among other things that:

    a. "Uber made [the at-issue] representations or promises with the intent that Plaintiff and other New Jersey-based drivers would rely on them

in selecting vehicles to use on the Uber platform," and that he "reasonably relied upon Uber's representations and promises regarding vehicle eligibility in selecting vehicles." *See id*. ¶¶ 53–54.

b. As a result of his reliance on "Uber's vehicle eligibility representations for Uber BlackSUV, [Plaintiff] experienced substantial detriment in the form of lost earnings after Uber, in spite of its promises to the contrary, prohibited drivers with otherwise eligible [vehicles] from accessing the Uber BlackSUV service level." *Id*. ¶ 55.

c. Plaintiff alleges that he purchased a vehicle on December 31, 2018, "for the purpose of using [it] to drive for Uber BlackSUV." *Id*. ¶ 31. The purchase price of the vehicle was $71,373.96. *Id*. ¶ 32.

d. Plaintiff also alleges that, because Uber terminated his access to the Uber BlackSUV service level in September 2019, his earnings were reduced "more than $200 per month." *Id*. ¶ 36.

e. Plaintiff alleges that, based on Uber's representations, he understood his vehicle would be eligible for the Uber BlackSUV service level for seven years following the purchase date. *Id*. ¶ 32.

f. Assuming the truth of Plaintiff's allegation and assuming *arguendo* that Plaintiff would have continued to experience a reduction of "more

than $200 per month" from September 2019 until 2024, his claim for damages from allegedly reduced earnings would be approximately $10,400.

15. Accordingly, based only on the alleged vehicle purchase price and the monthly decrease in expected earnings, Plaintiff's damages could total $81,773.96, which exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a).

16. Plaintiff also seeks damages for "loss of employment opportunity, embarrassment, humiliation, and other emotional and mental distress." *See* Compl. ¶ 37.

17. Further, Plaintiff alleges that Uber acted in "bad faith and/or with malicious motive to deny Plaintiff and other drivers of some of the benefit of the bargain originally intended by the parties." *Id*. ¶ 60.

18. In his prayer for relief, Plaintiff seeks "[a]ctual and/or compensatory and/or punitive damages." *Id.* ¶ 63.

19. In New Jersey, punitive damages can be up to five times the compensatory amount. *See* N.J.S.A. 2A:15-5.9.

20. Thus, if Plaintiff succeeded in demonstrating entitlement to punitive damages, even at a smaller figure for actual or compensatory damages, Plaintiff's total alleged damages would exceed the jurisdictional damages minimum of

$75,000, exclusive of interest and costs. This action satisfies the jurisdiction requirements for federal diversity jurisdiction, and removal to this Court is proper.

### III. THIS COURT ALSO HAS REMOVAL JURISDICTION UNDER CAFA.

21. Removal also is proper under the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d).

22. Congress passed CAFA in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711). Indeed, Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

23. CAFA expanded federal jurisdiction to permit removal of putative class actions pending in state court when three basic elements are met: (1) the members of the proposed class are not less than 100; (2) any member of the alleged plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d), 1453(b).

24. The Supreme Court has held that removal is appropriate when the defendant plausibly pleads these three elements because "a defendant's notice of

7

removal need include only a plausible allegation" of CAFA jurisdiction. *Dart Cherokee*, 135 S. Ct. at 554; *see also id.* at 553 (noting that, by design, 28 U.S.C. §1446(a) "tracks the general pleading requirement stated in Rule 8(a)"). Uber readily meets CAFA's requirements here.

25. ***Minimal Diversity.*** CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

26. Here, Plaintiff resides in Cherry Hill, New Jersey, Compl. ¶ 5, and the putative class consists only of New Jersey residents, *see id.* ¶ 40.

27. Uber, as noted above, is a citizen of the States of Delaware and California—not New Jersey. *See id.* ¶ 6.

28. ***Numerosity***. Here, the putative class is alleged to exceed 100 members. Plaintiff alleges that the putative class includes New Jersey drivers who, since July 2014, "(i) drove an eligible Acura MDX, Audi Q7, Chevrolet- LTZ, Chevrolet Tahoe, Ford Expedition (non-Platinum series), Infiniti QX60, Mercedes GL Class, Nissan Armada, Toyota Sequoia, and/or any other vehicle which was previously approved through Uber's Uber BlackSUV service level, and (ii) [Uber] terminated the person's access to the Uber BlackSUV service level following a change to vehicle eligibility requirements." Compl. ¶ 40.

29. The Complaint itself alleges that "Class members minimally numbers in the hundreds." *Id.* ¶ 41. Defendant submits, based on its preliminary investigation of the allegations of the Complaint, that more than 2,400 drivers meet the description in Paragraph 40 of the Complaint. Thus, the action satisfies CAFA's numerosity requirement.

30. ***Amount at Issue.*** The amount in controversy in this putative class action exceeds $5,000,000.[1] As noted above, Uber has identified more than 2,400 potentially affected drivers who were eligible for the Uber BlackSUV service level and had performed at least one trip via that option in the Uber App in the six years prior to filing of the Complaint, with vehicles that no longer met the Uber BlackSUV criteria after September 2019.

31. To determine the alleged amount in controversy, Uber reviewed the driving rates for these potentially affected individuals to determine how many

---

[1] The relevant inquiry for removal concerns the amount in controversy based on the allegations contained in the Complaint, in which Plaintiff seeks damages exceeding CAFA's jurisdictional threshold. *See Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004); *see also Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (finding that where the plaintiff has not pleaded a specific damages amount, the removing party must show the stakes of the litigation based on the "plaintiff's actual demands"). Uber denies that any injury occurred, that a class should be certified, or that there is any liability under any of the claims asserted in this action, and expressly reserves all arguments on those issues. Defendants may, in removal based on CAFA, assert that the amount in controversy exceeds $5 million and remain "free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Invts., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015); *see* 2 McLaughlin on Class Actions § 12:6 (16th ed.).

miles an Uber BlackSUV driver may have driven had their access to the Uber BlackSUV service level not been terminated as Plaintiff alleges and estimates that, based on estimates of miles driven and earnings per-mile, more than $14M is in controversy for the putative class.  Further, Paragraph 37 of the Complaint additionally alleges "loss of revenues, loss of employment opportunity, embarrassment, humiliation, and other emotional and mental distress" for thousands of drivers, meaning that CAFA's amount in controversy requirement is easily satisfied here.

WHEREFORE, Uber respectfully gives notice that this action has been removed from the Superior Court of New Jersey Law Division, Camden County, to the United States District Court for the District of New Jersey.

Dated:  September 2, 2020         HOGAN LOVELLS US LLP

/s/ Stephen A. Loney
Stephen A. Loney (N.J. No. 005172006)
stephen.loney@hoganlovells.com
Victoria A. Joseph
(*pro hac vice* application to be submitted)
victoria.joseph@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel:  (267) 675-4600
Fax: (267) 675-4601

E. Desmond Hogan

(*pro hac vice* application to be submitted)
desmond.hogan@hoganlovells.com
Michelle A. Kisloff
(*pro hac vice* application to be submitted)
michelle.kisloff@hoganlovells.com
Andrew Bank
(*pro hac vice* application to be submitted)
andrew.bank@hoganlovells.com
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910

*Attorneys for Uber Technologies, Inc.*