

Hogan Lovells US LLP
1735 Market Street, Floor 23
Philadelphia, PA 19103
T  +1 267 675 4600
F  +1 267 675 4601
www.hoganlovells.com

October 7, 2020

**By Electronic Filing**

| | |
|---|---|
| Honorable Noel L. Hillman | Honorable Karen M. Williams |
| United States District Judge | United States Magistrate Judge |
| District of New Jersey | District of New Jersey |
| Mitchell H. Cohen Building & U.S. Courthouse | Mitchell H. Cohen Building & U.S. Courthouse |
| 4th & Cooper Streets | 4th & Cooper Streets |
| Camden, NJ 08101 | Camden, NJ 08101 |

Re:   *Edward Siperavage on behalf of himself and all others similarly situated v. Uber Technologies, Inc.*, **No. 1:20-cv-12265**

Dear Judges Hillman and Williams:

We represent Defendant Uber Technologies, Inc. ("Uber") in the above-captioned action. We write to inform you that Plaintiff Edward Siperavage ("Plaintiff") failed to timely respond to Uber's Motion to Compel Arbitration and Stay Action ("Motion to Compel Arbitration") (Dkt. No. 22), as required under L. Civ. R. 7.1(c) and 78.1, and to respectfully request that you deem the motion unopposed. Uber filed its Motion to Compel Arbitration on September 23, 2020. Pursuant to L. Civ. R. 78.1(a), the applicable Motion Day is October 19, 2020, and Plaintiff's response was due on October 5, 2020. Rather than file an opposition to Uber's Motion to Compel Arbitration, on October 2, 2020, just one business day before its opposition deadline, Plaintiff filed an Application for Extension of Motion Day and to Permit Discovery Regarding Uber's Motion to Compel Arbitration ("Application") (Dkt. No. 25). In its Application, Plaintiff requested discovery and a four-month delay in litigating Uber's Motion to Compel Arbitration. The Application was not a proper response to the Motion to Compel Arbitration, nor did it extend his time to respond.

Plaintiff did not file its Application on an emergency basis pursuant to L. Civ. R. 65.1, and the Court did not rule on Plaintiff's Application prior to the deadline. Therefore, Plaintiff was required to respond to Uber's Motion to Compel Arbitration by October 5, and there is no basis for Plaintiff's failure to have timely responded. Both prior to and after filing the Motion to Compel Arbitration, Uber's counsel reached out to Plaintiff to discuss the motion and set a more flexible briefing schedule. Plaintiff would not commit to a schedule, insisting only and without any specificity that he needed discovery. Therefore, Uber's Motion to Compel Arbitration should be granted as unopposed.

Moreover, as Uber will establish in its forthcoming formal opposition to the October 2 Application, Plaintiff presents no valid basis for seeking discovery or imposing a four-month delay on Uber's Motion to Compel Arbitration in the interim. "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

Honorable Noel L. Hillman and
Honorable Karen M. Williams

- 2 -

October 7, 2020

without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013); *see also Clemons v. Midland Credit Mgmt., Inc.*, No. 1:18-cv-16883, 2019 WL 3336421, at *1-2, 6 (D.N.J. July 25, 2019) (Hillman, J.) (applying Rule 12(b)(6) motion to dismiss standard and granting defendant's motion to dismiss plaintiff's claims and to compel arbitration).  As established in Uber's Motion to Compel Arbitration, Plaintiff agreed to arbitrate "any legal dispute" he has with Uber, including disputes "arising out of or related to" his contracts and relationships with Uber.  (*See* Dkt. No. 22-1 at 1.)  Plaintiff voluntarily entered into the valid, enforceable arbitration agreement that requires individual arbitration of the claims set forth in the Complaint.  (*Id.*)  If Plaintiff wants to argue why he needs limited discovery in this matter and that a Rule 56 summary judgment standard should apply, instead of a Rule 12(b)(6) standard, Plaintiff would need to "designate specific facts showing that there is a genuine issue for trial."  *Guidotti*, 716 F.3d at 773 (citation omitted).  The proper place to do so is in an opposition to Uber's Motion to Compel Arbitration, *not* in a separate Application for more time.  *See id.* at 773-74.  Thus, if the Court does not grant Uber's Motion as unopposed, Plaintiff should be required to respond to Uber's Motion to Compel Arbitration without further delay.

Absent additional guidance from the Court, Uber intends to respond in due course to Plaintiff's improper Application.  Because Plaintiff filed its Application on October 2, 2020, the applicable motion day under L. Civ. R. 7.1(c)(1) and 78.1 is November 2, 2020.  Uber's opposition to Plaintiff's Application is therefore due on October 19, 2020.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*[signature]*

Stephen A. Loney, Jr.

Partner
stephen.loney@hoganlovells.com
D (267) 675-4677


cc:      All counsel of record (via ECF)