| | |
|---|---|
| EDWARD SIPERAVAGE, on behalf of himself and all other similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>      Defendants. | Civil Action No. 20-12265<br><br>**OPINION** |

**APPEARANCES:**

JAMES A. FRANCIS
JOHN SOUMILAS
JOSEPH GENTILCORE
EDWARD SKIPTON
LAUREN KW BRENNAN
1600 MARKET STREET
SUITE 2510
PHILADELPHIA, PA 19103

    *Counsel for Plaintiff*

STEPHEN ALLEN LONEY, JR.
HOGAN LOVELLS US LLP
1735 MARKET STREET
23rd FLOOR
PHILADELPHIA, PA 19103

    *Counsel for Defendant Uber Technologies, Inc.*

**HILLMAN, District Judge**

    This matter comes before the Court upon Defendant Uber Technologies, Inc.'s ("Uber") Motion to Compel Arbitration and Stay Action. For the reasons expressed below, Uber's motion will be granted.

## BACKGROUND

The Court draws its facts largely from Plaintiff's complaint. In 2015, Plaintiff started driving for Uber and was driving a Cadillac CTS to complete UberBlack trips. (ECF No. 1-1 ("Compl.") at ¶26). In spring of 2017, Plaintiff started researching options to purchase a vehicle eligible to drive for Uber BlackSUV, which would increase his income. (Id. ¶28.) In March 2017, Plaintiff asked Uber for the list of eligible vehicles for Uber BlackSUV, to which an Uber representative responded with a list of eligible vehicles, which included the Chevrolet Tahoe. (Id. ¶¶29-30.) On December 31, 2018, Plaintiff purchased a 2017 Chevrolet Tahoe in the amount of $71,373.96 so he could drive for Uber BlackSUV. (Id. ¶31.) Around August 5, 2019, Uber notified Plaintiff that as of September 2, 2019, the Chevrolet Tahoe would no longer be eligible for the Uber BlackSUV service level. (Id. ¶34.) As a result of the foregoing, Plaintiff on behalf of himself and others similarly situated, brought a lawsuit against Uber asserting the following causes of action: (1) breach of contract; (2) promissory estoppel; and (3) breach of covenant of good faith fair dealing.

On September 23, 2020, Uber moved to compel arbitration pursuant to the 2015 Technology Services Agreement ("2015 TSA") and 2020 Platform Access Agreement ("2020 PAA"), both of which

Plaintiff executed.[1]  The 2020 PAA contains a section entitled

"**Arbitration Provision**" which immediately thereafter includes

the following statement:

> I**MPORTANT: PLEASE REVIEW THIS ARBITRATION PROVISION CAREFULLY, AS IT WILL REQUIRE YOU TO RESOLVE DISPUTES WITH US ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION, EXCEPT AS PROVIDED BELOW. YOU MAY CHOOSE TO OPT OUT OF THIS ARBITRATION PROVISION BY FOLLOWING THE BELOW INSTRUCTIONS. THERE ARE AND/OR MAY BE LAWSUITS ALLEGING CLASS, COLLECTIVE OR REPRESENTATIVE CLAIMS ON YOUR BEHALF AGAINST US. IF YOU DO NOT OPT OUT OF THIS ARBITRATION PROVISION AND THEREFORE AGREE TO ARBITRATION WITH US, YOU ARE AGREEING IN ADVANCE, EXCEPT AS OTHERWISE PROVIDED BELOW, THAT YOU WILL NOT PARTICIPATE IN AND, THEREFORE, WILL NOT SEEK OR BE ELIGIBLE TO RECOVER MONETARY OR OTHER RELIEF IN CONNECTION WITH, ANY SUCH CLASS, COLLECTIVE OR REPRESENTATIVE LAWSUIT. THIS ARBITRATION PROVISION, HOWEVER, WILL ALLOW YOU TO BRING INDIVIDUAL CLAIMS IN ARBITRATION ON YOUR OWN BEHALF.**

(ECF No. 23-4 at 15-16)(emphasis in original).

Section 14.1(a) of that arbitration clause provides as

follows:

> This Arbitration Provision is a contract governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce, and you agree that this is not a contract of employment involving any class of workers engaged in foreign or interstate commerce within the meaning of Section 1 of the Federal Arbitration Act. If notwithstanding the foregoing, the Federal Arbitration Act does not apply to this Arbitration Provision, the law pertaining to

---

[1] The Court's Opinion will focus on the 2020 PAA, which as Uber notes, is currently applicable, and was in effect at the time Plaintiff filed the action.  (ECF No. 22-1 at 5 n.2.) Plaintiff's analysis focuses on the 2020 PAA as well.

> arbitration agreements of the state where you reside when you entered into this Agreement shall apply. Except as it otherwise provides, this Arbitration Provision applies to any legal dispute, past, present or future, arising out of or related to your relationship with us or relationship with any of our agents, employees, executives, officers, investors, shareholders, affiliates, successors, assigns, subsidiaries or parent companies (each of which may enforce this Arbitration Provision as third party beneficiaries), and termination of that relationship, and survives after the relationship terminates.

(ECF No. 23-4 at 16).

Section 14.1(b) of the arbitration clause includes a delegation provision, which states:

> This Arbitration Provision applies to all claims whether brought by you or us, except as provided below. This Arbitration Provision requires all such claims to be resolved only by an arbitrator through final and binding individual arbitration and not by way of court or jury trial. Except as provided below regarding the Class Action Waiver and Representative Action Waiver, such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the formation, scope, enforceability, waiver, applicability, revocability or validity of this Arbitration Provision or any portion of this Arbitration Provision.

(ECF No. 23-4 at 16).

Section 14.4 of the arbitration provision includes a class action waiver, which provides:

> **Class Action Waiver. This Arbitration Provision affects your ability to participate in class or collective actions**. Both Uber and

>you agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver"). Notwithstanding any other provision of this Arbitration Provision or the JAMS Rules, disputes in court or arbitration regarding the validity, enforceability, conscionability or breach of the Class Action Waiver, or whether the Class Action Waiver is void or voidable, may be resolved only by the court and not by an arbitrator. In any case in which (1) the dispute is filed as a class or collective action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class or collective action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration.

(ECF No. 23-4 at 19-20)(emphasis in original).

## DISCUSSION

**A.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), which provides, in relevant part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." To the extent Plaintiff wishes to proceed individually, this Court has

subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

**B.   Legal Standard**

"[W]hen it is clear on the face of the complaint [or documents relied upon by the complaint] that a validly formed and enforceable arbitration agreement exists and a party's claim is subject to that agreement, a district court must compel arbitration under a Rule 12(b)(6) pleading standard ...." <u>MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds</u>, 974 F.3d 386, 406 (3d Cir. 2020).  But if (1) the materials subject to review on a Rule 12(b)(6) motion are unclear as to the arbitrability question, or (2) the parties have come forward with facts putting the arbitrability question at issue, then the court may order limited discovery and then consider the arbitrability question on a summary judgment standard.  <u>Guidotti v. Legal Helpers Debt Resol., LLC</u>, 716 F.3d 764, 774 (3d Cir. 2013) (quotation marks and citation omitted).

**C.   Analysis**

Uber moves to compel arbitration, primarily relying on the Federal Arbitration Act ("FAA"), and alternatively, on New Jersey arbitration law.  Plaintiff argues that this Court cannot compel arbitration pursuant to the FAA because the relevant class of workers are exempt from application of the FAA, and New Jersey arbitration law should not apply because the FAA

6

exemption applies here and "state law may be considered only if the FAA does not apply." (ECF No. 38 at 15.) Plaintiff further argues the Court cannot compel arbitration under New Jersey law because the arbitration provision is unconscionable for the following two reasons: (1) the arbitration provision requires Plaintiff to pay significant arbitration fees; and (2) the arbitration agreement contains a class action waiver.

Although the FAA authorizes, and in fact requires, courts to enforce most private arbitration contracts, employment contracts for "transportation workers" are exempted from the FAA's purview. New Prime, Inc. v. Oliveira, 139 S. Ct. 532, 536 (2019); see also 9 U.S.C. § 1 ("[N]othing contained herein shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."). Prior to ordering arbitration pursuant to the FAA, the Court must first address the question of whether Plaintiff qualifies for the transportation worker exemption to determine the enforceability of the parties' arbitration agreement under the FAA. A transportation worker, for purposes of the FAA exemption, is defined as only those "classes of workers who are actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it." Palcko v. Airborne Express, Inc., 372 F.3d 588, 594 (3d Cir. 2004) (quoting Tenney Eng'g, Inc. v. United Elec. Radio & Mach. Workers of Am., 207 F.2d 450, 452

(1953)); see also Singh v. Uber Techs. Inc., 939 F.3d 210, 214 (3d Cir. 2019) (holding that "the residual clause of § 1 may extend to a class of transportation workers who transport passengers, so long as they are engaged in interstate commerce or in work so closely related thereto as to be in practical effect part of it"). Plaintiff, relying on Singh, argues at a minimum Plaintiff is entitled to discovery relevant to the class of Uber workers engaged in interstate commerce. In response, Uber argues the relevant class of workers are not subject to the FAA § 1 exemption and discovery is not required because "[i]n the six months since Uber filed its Motion, Plaintiff has failed to marshal any 'reliable evidence' to dispute his agreement to arbitrate or to identify factual disputes to contest arbitration." (ECF No. 39 at 7.) The Court need not resolve these matters, however, because even if the § 1 exemption applies, the arbitration provision is nevertheless enforceable under New Jersey law, for the reasons explained below.

The Court highlights that other courts in this Circuit and outside of this Circuit have compelled arbitration under state law without first deciding whether the FAA applies to the parties' agreements and merely assuming that the FAA's transportation work exemption is applicable. Reese v. Uber Techs., Inc., No. 18-3300, slip op. at 1 n.1 (E.D. Pa. Mar. 4, 2020), ECF No. 41; Adams v. Parts Distrib. Xpress, Inc., No. 20-697, 2021 U.S. Dist. LEXIS 52822, at *7-8 (E.D. Pa. March 22,

2021) ("Regardless, the Court need not definitively resolve whether she qualifies as a transportation worker for purposes of section 1 of the FAA. For the reasons explained below, even assuming, without deciding, that Adams was a transportation worker exempted from the FAA, the Court concludes that the arbitration agreement is still enforceable under Pennsylvania law."); Kauffman v. U-Haul Int'l, Inc., No. 16-4580, 2018 U.S. Dist. LEXIS 145717, at *5 (E.D. Pa. Aug. 28, 2018) (declining to resolve the question of whether the parties' agreement is covered by the FAA because "even if the [parties'] Agreement is exempt from the FAA, the Agreement's arbitration clause is nevertheless enforceable under Pennsylvania law"); Burgos v. Ne. Logistics, Inc., No. 15-6840, 2017 U.S. Dist. LEXIS 233939, at *11 (E.D.N.Y. Mar. 30, 2017) (compelling arbitration under state law without deciding whether the FAA applies because "regardless of whether plaintiffs' claims are exempt from the FAA, the Arbitration Provision remains enforceable"); Diaz v. Mich. Logistics Inc., 167 F. Supp. 3d 375, 380-81 (S.D.N.Y. 2016) ("[T]he Court need not make that determination [of whether the FAA applies] because the Court agrees with Defendants that, even assuming that Plaintiffs fall within the § 1 exemption (and the FAA does not apply), Plaintiffs' claims are subject to mandatory arbitration under New York arbitration law.").

In Reese, the plaintiff argued he should not be compelled to arbitrate because he is a part of a "class of workers engaged

in foreign or interstate commerce" and thus the FAA does not apply. Reese, slip op. at 1 n.1. The Court concluded this issue "need not be resolved here, since the Agreement is enforceable *even if* the FAA does not apply." Id. (emphasis in original). In reaching this conclusion, the Court adopted the reasoning from Kauffman, where the Court declined to decide the issue of whether the FAA's transportation worker exception applied because the arbitration agreement was still enforceable under Pennsylvania law. Id. In Reese, the Court concluded it was "aware of no grounds that might bar enforcement of the Agreement's arbitration provisions" and thus ordered the parties to arbitration pursuant to Pennsylvania law. Id.

Here, Plaintiff first argues the Court "need not consider the New Jersey Arbitration Act at all" because Section 1 of the FAA applies. (ECF No. 38 at 15.) The Court agrees with Uber that Plaintiff's position is directly inconsistent with binding Third Circuit precedent. In Palcko, the Third Circuit held "[t]here is no language in the FAA that explicitly preempts the enforcement of state arbitration statutes." Palcko v. Airborne Express, Inc., 372 F.3d 588, 595 (3d Cir. 2004); see Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468 (1989) ("The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration."). Thus, if the § 1 exception applies to a

plaintiff, "the effect of Section 1 is merely to leave the arbitrability of disputes in the excluded categories as if the [Federal] Arbitration Act had never been enacted." Id. at 596 (quoting Mason-Dixon Lines, Inc. v. Local Union No. 560, 443 F.2d 807, 809 (3d Cir. 1971)). In Palcko, after holding that the Section 1 exemption of the FAA applied, the Third Circuit held "we see no reason to release the parties from their agreement" and remanded the case for the District Court to determine if the arbitration agreement was enforceable pursuant to state law. Id. at 596. Based on the foregoing case law, the Court rejects Plaintiff's position that the Court need not consider New Jersey law if § 1 of the FAA applies.

Moreover, Plaintiff does not argue that the determination of whether the matter should be compelled to arbitration pursuant to the New Jersey law is not ripe until the § 1 analysis is complete. However, this Court is aware of at least one case within this District where the Court held an alternative state law argument was not ripe for the Court to adjudicate until the § 1 exemption analysis was complete. In Harper, the Court held "[i]f, after discovery, the Court concludes that the parties' arbitration agreement is exempt from the FAA, Defendant may against, move to compel arbitration under state law arbitration statutes." Harper v. Amazon.com Servs., No. 19-21735, 2020 U.S. Dist. LEXIS 133238, at *21 (D.N.J. July 28, 2020). In reaching this conclusion, the Court relied on

11

case law where the Court first conducted the FAA analysis and then reached the state law analysis. Id.

This Court, however, finds the case law referenced above, which assumed the applicability of the Section 1 exemption without requiring the parties to engage in months long discovery, is more in line with the real benefits of enforcement of individual arbitration provisions recognized by the Supreme Court. The Supreme Court has found "[i]n individual arbitration, 'parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.'" Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1416 (2019) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685 (2010)). Moreover, the Court finds whether § 1 exemption applies has "no impact on other avenues (such as state law) by which a party may compel arbitration." Oliveira v. New Prime, Inc., 857 F.3d 7, 24 (1st Cir. 2017), aff'd, 139 S. Ct. 532 (2019).

This Court's analysis now turns to Plaintiff's remaining arguments regarding why the Court should not compel arbitration pursuant to New Jersey law. Plaintiff argues the arbitration agreement is unconscionable because: (1) the arbitration agreement forces each party to be responsible for their own costs of arbitration; and (2) the arbitration agreement is

unenforceable because it contains a class arbitration waiver. In making these arguments, Plaintiff fails to even reference the delegation provision provided in the 2020 PAA. Accordingly, it is evident Plaintiff is not attacking the delegation clause itself.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Murray v. Manorcare-West Deptford of Paulsboro NJ, LLC, No. 5460-16, 2018 N.J. Super. Unpub. LEXIS 1269, at *10 (App. Div. May 31, 2018) (quoting Bernetich, Hatzell & Pascu, LLC v. Med. Records Online, Inc., 455 N.J. Super. 173, 180 (App. Div. 2016) (quoting AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986))). "State law governs not only whether the parties formed a contract to arbitrate their disputes, but also whether the parties entered an agreement to delegate the issue of arbitrability to an arbitrator." Id. (citing Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016) (citing First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995))). "A party opposing a motion to compel arbitration 'must mount a specific challenge to the validity of a delegation clause.'" Id. (quoting Morgan, 225 N.J. at 305 (citing Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 72 (2010))); see also Goffe v. Foulke Management Corp., 238 N.J. 191, 211 (2019) ("Our Court has acknowledged the legitimacy and applicability of the Rent-A-

Center holding to delegation provisions in New Jersey arbitration agreements."). A party cannot avoid arbitration of the clause's enforceability simply by attacking the arbitration clause. "[C]ontesting the validity of an arbitration agreement as a whole, without specifically disputing the delegation clause contained therein, is not sufficient to challenge the delegation provision." MacDonald v. CashCall, Inc., 883 F.3d 220, 223, (citing Rent-A-Center, 561 U.S. at 70-75). Instead, the party must contest the enforceability of the delegation provision by "challeng[ing] the delegation provision specifically." Rent-A-Center, 561 U.S. at 70.

The Third Circuit has held "unless the party opposing arbitration challenges 'the delegation provision specifically,' the district court 'must treat it as valid' and 'must enforce it' by sending 'any challenge to the validity of the underlying arbitration agreement to the arbitrator." MXM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds, 974 F.3d 386, 399 (3d Cir. 2020) (quoting Rent-A-Center, 561 U.S. at 71-72). Moreover, the Ninth Circuit has already held that a delegation clause providing the same carve-out for challenges to the enforceability of class activity waivers is clear and unmistakable. Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1209 (9th Cir. 2016). For the foregoing reasons and pursuant to the delegation provision, the Court may not address Plaintiff's argument that the arbitration argument may not be enforced

14

because the agreement purportedly forces each party to be responsible for their own costs of arbitration.

However, the second attack on the arbitration agreement is directly connected to the supposed unenforceability of class action waivers under New Jersey law. Accordingly, given the carve-out in the delegation provision and the 2020 PAA's class action waiver provision, which directs questions of enforceability of the class action waiver to the court, the Court will determine whether a class action waiver is enforceable. Plaintiff argues class arbitration waivers are impermissible under New Jersey law. This Court agrees with Uber that New Jersey has declined to impose any *per se* rule against such waivers. In fact, the New Jersey Supreme Court recently made clear that the mere inclusion of a class-action waiver is not impermissible under New Jersey law. Instead, the Court affirmed the Appellate Division's decision to distinguish a matter before it from Muhammad v. County Bank of Rehoboth Beach, DE, 189 N.J. 1, 15-16 (2006), where the New Jersey Supreme Court "found unconscionable a class-arbitration waiver embedded in a consumer contract of adhesion." Arafa v. Health Express Corp., 233 A.3d 495, 509 (N.J. 2020); see also Gras v. Assocs. First Capital Corp., 346 N.J. Super. 42, 57, 786 A.2d 886 (App. Div. 2001) (affirming an order enforcing arbitration and a waiver of rights, including any right to proceed as a class against defendant). Here, the Court finds the language of the 2020 PAA,

which is not a consumer contract of adhesion, is a clear and unambiguous waiver of the Plaintiff's rights to proceed as a class against Uber and rejects Plaintiff's argument that <u>Muhammad</u> applies here.  For the foregoing reasons, the Court will compel arbitration pursuant to New Jersey law.

## **<u>CONCLUSION</u>**

For the reasons stated above, the Court will grant Uber's Motion to Compel Arbitration and Stay Action.  An appropriate Order will be entered.


Date: June 30, 2021         <u>s/ Noel L. Hillman</u>
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.